UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW GORDON,

                    Plaintiff,

                                                            **ORDER**
          -against-                                         16-CV-4845 (JFB) (AKT)
                                                            **F I L E D**
                                                            IN CLERK'S OFFICE
HYDROHOIST MARINE GROUP, INC., and                          U.S. DISTRICT COURT E.D.N.Y.
APPROVED MARINE INC.,
                                                            ★   **DEC 06 2016**   ★

                    Defendants.
                                                            LONG ISLAND OFFICE
------------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

          American Reliable Insurance Company a/s/o Matthew Gordon ("American Reliable")

moves to intervene in the above-captioned case pursuant to FRCP 24(a) and (b). No parties

oppose the intervention. For the reasons set forth below, American Reliable's motion is granted.

          Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene

who . . . claims an interest relating to the property or transaction that is the subject of the action,

and is so situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent that interest."

Rule 24 also authorizes the Court to "permit anyone to intervene who . . . has a claim or defense

that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

When exercising its discretion to grant an intervention, "the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.

R. Civ. P. 24(b)(3). Under either section (a) or (b) of Rule 24, "an applicant must (1) timely file

an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired

by the disposition of the action, and (4) show that the interest is not protected adequately by the

1

parties to the action." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014).

This case arises out of property damage caused to plaintiff Matthew Gordon's boat. Complaint of Matthew Gordon, ECP No. 1, ¶¶ 40–42, 45. American Reliable alleges that it insured the boat, and, as a result of the property damage of which plaintiff complains and the terms of his insurance policy with American Reliable, American Reliable indemnified plaintiff for the loss and itself incurred damages close to or above $100,000. Complaint in Intervention of American Reliable, ¶¶ 47–48.

The Court concludes that American Reliable is entitled to intervention. First, American Reliable has timely filed its application. The complaint was filed on August 30, 2016, ECF No. 1, and Magistrate Judge Tomlinson set the initial case management and scheduling order on December 5, 2016, ECF No. 23. Furthermore, given the timing of the filing and that neither the plaintiff nor the defendants object to the intervention, the Court finds that no existing party would be prejudiced by American Reliable's intervention. *See Floyd*, 770 F.3d at 1058.

Second, American Reliable has shown an interest in the action, specifically its interest in the boat damaged by the alleged negligence of the defendant based on American Reliable's indemnification of plaintiff for this damage. *See Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prod., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) ("[A]n interest must be direct, as opposed to remote or contingent.").

Third, American Reliable has shown that this interest could be impaired as a result of the plaintiff's action because its rights are subrogated to the rights of the plaintiff to the extent it made payment to him for the damages complained of. *See Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 161 (S.D.N.Y. 2000).

Finally, the Court finds that the plaintiff might not adequately protect American Reliable's

interest, given that an insurance policyholder like the plaintiff does not necessarily have the incentive to recover the full amount of the loss where his insurer has already reimbursed him for part of the cost. *See Olympus Corp. v. United States*, 627 F. Supp. 911, 915 (E.D.N.Y. 1985) (holding that intervener showed inadequate protection of interest where intervener's "interests, as well as its perspective and expertise, may differ significantly from those of the [existing parties]"), *aff'd,* 792 F.2d 315 (2d Cir. 1986); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (quoting 3B J. Moore, Federal Practice 24.09—1 (4) (1969))).

For these reasons, the Court concludes, based on the pleadings, that American Reliable has adequately alleged that it (1) has "an interest relating to the property or transaction that is the subject of the action," (2) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (3) existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2). In addition, the Court concludes that American Reliable has alleged "a claim or defense that shares with the main action a common question of law or fact," and that intervention will prejudice none of the existing parties. Fed. R. Civ. P. 24(b)(1)(B). Therefore, American Reliable's motion to intervene is granted.

s/ Joseph F. Bianco

**SO ORDERED**.

Joseph F. Bianco
United States District Judge

Dated: December 6, 2016
Central Islip, New York

3