**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MATTHEW GORDON,

                         Plaintiff,

          -against-

HYDROHOIST MARINE GROUP, INC. and
APPROVED MARINE, INC.,

                        Defendants.
------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

CV 16-4845 (GRB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Following a deposition dispute, this Court directed Plaintiffs' counsel to download and produce to the Court for an *in camera* review all emails regarding this litigation which had been sent to or received from Plaintiff's expert, Ron McLean, and Plaintiff's law firm, Dorf & Nelson LLP (including partners, associates, paralegals, etc.). The Court also directed Plaintiff's counsel to provide the Court with a copy of the report of Plaintiff's expert. The Court's findings and determination as to the discoverability of the emails at issue are set forth below.

It is undisputed that the Federal Rules of Civil Procedure contemplate expansive expert discovery. *Powerweb Energy, Inc. v. Hubbell Light., Inc.*, 3:12 CV 220, 2014 WL 655206, at *1-2 (D. Conn. Feb. 20, 2014) (citing *In re Methyl Tertiary Butyl Ether (MBTE) Prod. Liab. Litig.,* No. 1:00–1898, 2013 WL 3326799, at *6 (S.D.N.Y. June 28, 2013)). With respect to experts, Rule 26(b)(4) governs discovery. Rule 26(b)(4)(B) provides work product protection for "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." *Powerweb Energy*, 2014 WL 655206, at *1 (quoting Fed. R. Civ. P. 26(b)(4)(B)). Further, the work-product protection set forth in Rule 26(b)(3) is extended to certain expert documents described in Rule 26(b)(4). *See Hernandez v. The Off. of the Commr.*

*of Baseball*, 335 F.R.D. 45, 49-50 (S.D.N.Y. 2020). The relevant provisions of the Rule state as follows:

> (B) <u>Trial-Preparation Protection for Draft Reports or Disclosures</u>. Rules 26(b)(3)(A) and (B) protect drafts of any *48 report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> (C) <u>Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.</u> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
>  (i) relate to compensation for the expert's study or testimony;
>
>  (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed;[1] or
>
>  (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4). The issue here is whether the *emails* in question are covered by attorney-client and/or the work-product protection afforded by Rule 26(b)(3). In these circumstances, the Court has reviewed the emails *in camera* to determine which, if any, fall within the exceptions outlined in Fed.R.Civ.P. 26(b)(4)(C)(i)-(iii), or any other exception, and consequently must be produced.

At the outset, the Court points out that its efforts here were complicated by the fact that Plaintiff's counsel did not Bates-stamp the documents submitted, did not number them sequentially, and did not identify each document in any particularized way. This lack of preparation of the submission has been further compounded by the fact that many of the emails are part of an email string. The Court is identifying the emails at issue by the initial date found at the upper right side on the first page of most of the emails. Where the document contains an

---

[1] The Court further points out that, as the Advisory Committee Note to the 2010 Amendment clarifies, Rule 26 "require[s] disclosure of any material considered by [a] [testifying] expert, from whatever source, *that contains factual ingredients*" (emphasis supplied).

2

email string, the Court has identified the additional email(s) by date and time and has indicated if the string email is a duplicate of one already on the list. The documents are broken down into two categories: (1) emails which the Court finds are protected, not discoverable and not to be produced; and (2) emails which are discoverable and must be produced. The Court had originally contemplated a third category for emails which must be produced but in redacted form. However, no documents came within that description, so only two categories were utilized. Where the Court is ordering production of certain emails, it has indicated the specific subdivision(s) of Rule 26(b)(4)(C)(i)-(iii) under which the ruling falls.

  The Court also observes that the documents reviewed contain certain emails which were exchanged between Plaintiff Matthew Gordon himself and the expert, Ron McLean. The work-product protection afforded by Rule 26(b)(4)(C) does not attach to communications between a testifying expert and a client. *See Powerweb Energy, Inc.*, 2014 WL 655206, at *2 (finding that the work-product protection afforded by Rule 26(b)(4)(C) does not attach to communications between the expert and the client representative. "It is clear from the language of the rule, and the 2010 Advisory Committee Notes, that Rule 26(b)(4)(C) only protects communications between retained experts and counsel, except to the extent that the communications fall within one of the three exceptions proscribed by 26(b)(4)(C)(i)-(iii)."). The Court has therefore added two other categories: the first is designated "A" -- for emails exchanged with individuals other than counsel and the expert -- and the second designated "B" -- for "any material considered by [a] [testifying] expert, from whatever source, that contains factual ingredients." Advisory Committee Note to the 2010 Amendment to Rule 26. Both categories "A" and "B" must be produced as directed below.

**I.    Emails Not Discoverable and Not to be Produced:**

- 11/6/17 (12:48 PM) Horgan to McLean

- 11/6/17 (3:42 PM) Horgan to Dana McLean, Ron McLean

- 11/6/17 (4:01 PM) Dana McLean to Horgan

- 11/6/17 (4:12 PM) Horgan to Dana McLean, Ron McLean

- 11/6/17 (5:40 PM) Horgan to Dana McLean, Ron McLean
  11/6/17 (5:16 PM) Dana McLean to Horgan
  11/6/17 (4:50 PM) Horgan to Dana McLean
  11/6/17 (4:41 PM) Dana McLean, Ron McLean to Horgan
  11/6/17 (4:13 PM) Horgan to Dana McLean, Ron McLean

- 11/6/17 (6:24 PM) Horgan to Dana McLean, Ron McLean

- 11/6/17 (6:57 PM) Dana McLean to Horgan
  11/6/17 (6:25 PM) Horgan to Ron/Dana McLean

- 11/6/17 (8:36 PM) Horgan to Dana/Ron McLean
  11/6/17 (6:57 PM) Dana McLean to Horgan (dup.)
  11/6/17 (6:25 PM) Horgan to Ron/Dana McLean (dup.)

- 11/7/17 (12:22 PM) Horgan to Dana McLean, Ron McLean
  11/6/17 (6:58 PM) Dana McLean to Horgan (dup.)
  11/6/17 (6:25 PM) Horgan to Ron/Dana McLean (dup.)
  11/6/17 (5:16 PM) Dana McLean to Horgan (dup.)
  11/6/17 (4:50 PM) Horgan to Dana McLean (dup.)

- 11/7/17 (2:09 PM) Dana McLean to Horgan
  11/7/17 (12:22 PM) Horgan to Dana McLean, Ron McLean (dup.)

- 11/7/17 (4:32 PM) Horgan to McLean

- 11/7/17 (6:09 PM) McLean to Horgan

**II.    Emails Which Must be Produced:**        **Subdivision of Rule 26(b)(4)(C):**

- 12/1/17 (5:39 PM) Laura Horgan to Ron McLean         ii, iii
  8/3/17 (12:40 PM) Gordon to Horgan
  8/2/17 (5:26 PM) McClean to Gordon                   A; ii

- 11/1/17 (5:40 PM) Horgan to McLean                   ii
  11/1/17 (5:40 PM) Horgan to McLean                   ii, iii
  11/3/17 (12:40 PM) Horgan to McLean                  A

4

    8/2/17 (5:26 PM) McLean to Gordon                          A
    7/27/17 (5:18 PM) Gordon to McLean                       A

- 11/1/17 (5:42 PM) Horgan to McLean (dup.)            ii, iii
    8/3/17 (12:40 PM) Gordon to Horgan (dup.)
    8/2/17 (5:26 PM) McLean to Gordon (dup.)             A
    7/27/17 (5:18 PM) Gordon to McLean (dup.)             A

- 11/3/17 (3:44 PM) Horgan to McLean                    ii
    11/1/17 (5:40 PM) Horgan to McLean (dup.)             ii
    8/3/17 (12:40 PM) Gordon to Horgan (dup.)              ii
    8//2/17 (5:26 PM) McLean to Gordon (dup.)             A
    7/27/17 (5:18 PM) Gordon to McLean (dup.)             A

- 11/3/17 (3:45 PM) Horgan to McLean                    ii
    11/1/17 (5:42 PM) Horgan to McLean (dup.)            ii, iii
    8/3/17 (12:40 PM) Gordon to Horgan (dup.)              ii
    8/2/17 (5:26 PM) McLean to Gordon (dup.)             A
    7/27/17 (5:18 PM) Gordon to McLean (dup.)             A

- 11/5/17 (11:49 AM) McLean to Horgan, with three attachments:
  1. Retainer Agreement between Ron McLean and Dorf & Nelson, LLP[2] (two pages)
  2. McLean Curriculum Vitae

- 11/6/17 (12:59 PM) Horgan to McLean                  ii
    11/6/17 (12:56 PM) McLean to Horgan                  ii
    11/6/17 (1:35 PM) McLean to Horgan                   ii
    11/6/17 (2:49 PM) Horgan to Dana McLean            ii
    11/6/17 (2:06 PM) Dana McLean to Horgan            ii
    11/6/17 (3:30 PM) Horgan to Dana McLean            ii
    11/6/17 (2:06 PM) Dana McLean to Horgan (dup.)     ii

- 11/6/17 (3:37 PM) Horgan to Dana McLean            ii
    11/6/17 (3:30 PM) Horgan to Dana McLean (dup.)     ii
    11/6/17 (2:06 PM) Dana McLean to Horgan (dup.)     ii

- 11/7/17 (4:18 PM) McLean to Horgan                   B

---

[2] Plaintiff is required to produce this retainer agreement. *See Thieriot v. Jaspan Schlesinger Hoffman LLP,* CV 07-5315, 2010 WL 3909242, at *1 (E.D.N.Y. Sept. 30, 2010) (finding that defendants' counsel was required to produce the retainer letter for the expert and the expert's bills); *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005) (An expert must disclose, "in whatever form the expert received them . . . materials that plaintiff's counsel supplied to plaintiff's expert, including ***e-mails***, summaries of lost sales, summary spreadsheets, pleadings, corporate information, sales charts and breakdowns, time analyses, ***retainer letters*** and invoices, and draft expert reports.") (emphasis supplied).

- 11/7/17 (4:26 PM) McLean to Horgan                    B

- 11/7/17 (4:20 PM) McLean to Horgan                    B

- 11/7/17 (5:35 PM) McLean to Horgan                    B

- 11/7/17 (5:36 PM) McLean to Horgan                    B

- 11/7/17 (5:37 PM) McLean to Horgan                    B

Plaintiff's counsel is directed to assemble and serve the production ordered here by July 28, 2021.

**SO ORDERED.**

Dated: Central Islip, New York
       July 19, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge